**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 16 1998**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KAMRAN JEAN ROSS,

    Defendant-Appellant.

No. 98-6128
(D.C. No. CIV-97-1364-A)
(W. Dist. Okla.)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Kamran Jean Ross filed an action under 28 U.S.C. § 2255 claiming that his counsel in his criminal case provided him with ineffective assistance at trial. After an evidentiary hearing, the district court determined that Mr. Ross' Sixth Amendment right to effective assistance of counsel had not been violated. Mr. Ross appeals.

In the proceedings below, the district court appointed new counsel for Mr. Ross and held an evidentiary hearing at which both Mr. Ross and his former counsel, Don Gutteridge, testified. In its written order, the district court noted that the testimony of Mr. Ross and Mr. Gutteridge conflicted diametrically on critical points. The court specifically found Mr. Ross' testimony not credible.

On appeal, Mr. Ross asks us to second guess the district court's credibility findings. This we are not prepared to do. See, e.g., United States v. Gama-Bastidas, 142 F.3d 1233, 1239-40 (10th Cir. 1998) ("[J]udging the credibility of the witnesses, determining the weight to be afforded the testimony, and drawing reasonable inferences and conclusions from the testimony are within the province of the district court."). The district court thoroughly analyzed Mr. Ross' ineffective assistance claims in its written order. We are not persuaded the district court erred in holding that Mr. Ross' Sixth Amendment right to counsel was not violated.

We grant Mr. Ross' motion for informa pauperis status on appeal, deny his motion for a certificate of appealability, and **DISMISS** the appeal.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge